UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON LAUGHLIN,

    Plaintiff,

v.                                                               Case No. 6:13-cv-315-Orl-37TBS

THE FLORIDA BAR, et al.,

    Defendants.
_____/

### ORDER OF DISMISSAL

Plaintiff Jason Laughlin, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The full filing fee has been paid. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

I.    *Legal Standard*

Although the full filing fee has been paid, the complaint is subject to preliminary screening under 28 U.S.C. section 1915(A). Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

II.    *Analysis*

This complaint was brought against the following Defendants: 1) the Florida Bar; 2) Lawson L. Lamar, who was the state attorney involved in certain state court criminal proceedings involving Plaintiff; and 3) Daniel D. Mazar, who was a private attorney involved in representing Plaintiff during certain state court criminal proceedings. Plaintiff alleges that Defendants Lamar and Mazar were involved in wrongdoings with regard to his state court criminal proceedings and that Defendant Florida Bar is liable because it is the "licensing agency" for attorneys.

It appears that the facts supporting Plaintiff's civil rights claims in the instant complaint are the same as those pled in another previously filed action in this Court, which was dismissed. In the previous case, case number 6:12-cv-608-Orl-22KRS, Plaintiff and another individual brought an action against various Defendants including the Defendants in this case. The claims asserted by Plaintiff were dismissed as frivolous on May 2, 2012.

"A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The Court again notes that Defendant Florida Bar is immune under the Eleventh Amendment. *See Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980) ("[T]he Nevada State Bar Association, as an arm of the state, is not subject to suit under the Eleventh Amendment."); *see also Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (concluding that Eleventh Amendment immunity extends to employees of the State Bar acting in their official capacities as agents of the state).

As to Defendant Mazar, a private attorney represents only his or her client, not the State. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, a private attorney does not act "under color of state law," which is a critical element of a claim brought pursuant to section 1983. *See Davis v. Macias*, No. 90-6894, 1990 WL 171263, at *1 (E.D. Pa. November 5, 1990). Because Defendant Mazar is not a state actor, this action may not be brought against him under section 1983.

Finally, Defendant Lamar is immune from prosecution under section 1983 for acts taken during the course of their duties as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409 (1976). As a result, Defendant Lamar is entitled to absolute immunity for the alleged wrongdoings set forth in the complaint. As such, this complaint is dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED.**

2. The Clerk of the Court is directed to close this case and shall enter judgment accordingly.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 4th day of March, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-2 3/4
Jason Laughlin